Stephen D. Finestone (125675)
Ryan A. Witthans (301432)
FINESTONE HAYES LLP
456 Montgomery Street, Floor 20
San Francisco, CA 94104
Tel.:   (415) 421-2624
Fax:    (415) 398-2820
Email: sfinestone@fhlawllp.com
Email: rwitthans@fhlawllp.com

Attorneys for Evander Frank Kane,
Debtor and Defendant

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>EVANDER FRANK KANE,<br><br>Debtor. | Case No. 21-50028-SLJ<br>Chapter 7 |
| LONE SHARK HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>EVANDER FRANK KANE,<br><br>Defendant. | Adv. Proc. No. 21-5010<br><br>**ANSWER TO COMPLAINT** |

Evander Frank Kane ("Kane"), the debtor in the above-captioned Chapter 7 bankruptcy case and the defendant in this adversary proceeding, answers the complaint (the "Complaint") filed by plaintiff Lone Shark Holdings, LLC ("Lone Shark") on April 5, 2021. ECF 1.

**JURISDICTION AND VENUE**

1. Admitted.

2. Admitted that venue is proper. Kane notes that the Complaint's reference to 28 U.S.C. § 1409(c) appears to be erroneous.

ANSWER TO COMPLAINT 1

3. Admitted that this is a core proceeding. Kane notes that the Complaint's reference to 28 U.S.C. § 157(b)(A) appears to be erroneous, and that the correct reference appears to be 28 U.S.C. § 157(b)(2)(I).

4. Admitted that this action is an adversary proceeding. Kane notes that the Complaint's reference to Federal Rule of Bankruptcy Procedure 7001(1) appears to be erroneous, and that the correct reference appears to be Federal Rule of Bankruptcy Procedure 7001(6).

## PARTIES

5. Kane is without sufficient knowledge to form a belief as to the truthfulness of the allegations contained in this paragraph, and therefore they are deemed denied.

6. Admitted that Kane is the debtor in the underlying bankruptcy case and that he is currently employed as a professional hockey player for the San Jose Sharks of the National Hockey League; denied in all other respects. Kane no longer resides at the address listed on his bankruptcy petition, which property has been sold by the Chapter 7 trustee pursuant to Court order.

## FACTUAL ALLEGATIONS

I. **The Bankruptcy Case**

7. Admitted.

8. Kane admits the allegations to the extent they are consistent with the underlying documents and law and denies them to the extent they are not. Kane denies Lone Shark's characterization of the loan as the "root cause of the Defendant's sizable expected tax refund."

9. Kane admits the allegations to the extent they are consistent with the underlying documents and law and denies them to the extent they are not. Kane notes that, as of the date of this answer, the Internal Revenue Service has not filed a proof of claim in Kane's bankruptcy case.

II. **Negotiation of Loan Shark's Loan to the Defendant and the Letter of Intent**

10. Admitted.

11. Kane admits the allegations to the extent they are consistent with the underlying documents[1] and law and denies them to the extent they are not. Kane denies that Lone Shark ever obtained a perfected security interest in Kane's 2020 federal income tax refund or in any other collateral.

12. Kane admits the allegations to the extent they are consistent with the underlying documents and law and denies them to the extent they are not. Kane denies that he had knowledge that he would file for bankruptcy at the time he signed the letter of intent. Kane also denies that, if he had knowledge of the possibility of a future bankruptcy filing, he would have been required to disclose that knowledge to Lone Shark.

### III. The Promissory Note and Loan Agreement

13. Kane admits the allegations to the extent they are consistent with the underlying documents and law and denies them to the extent they are not. Kane denies that Lone Shark ever obtained a perfected security interest in Kane's 2020 federal income tax refund or in any other collateral.

14. Kane admits the allegations to the extent they are consistent with the underlying documents and law and denies them to the extent they are not.

### IV. The Security Agreement

15. Denied. Kane notes that the attached *Security Agreement* is between Lone Shark and Deanna S. Kane, and that Kane is not himself a party to the *Security Agreement*. Furthermore, Kane denies that Lone Shark ever obtained a perfected security interest in Kane's 2020 federal income tax refund or any other collateral.

16. Denied.
    a. Denied.
    b. Denied.
    c. Denied.

17. Denied.

---

[1] The referenced exhibits appear on the docket at ECF 2-1, and are not attached directly to the Complaint itself.

18. Denied.

**V. The Defendant's Misrepresentations**

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied. Kane denies that he had knowledge that he would file for bankruptcy at the time he negotiated the loan and received the loan proceeds. Kane also denies that, if he had knowledge of the possibility of a future bankruptcy filing, he would have been required to disclose that knowledge to Lone Shark.

24. Denied.

**COUNT I**

**Objection to Discharge Pursuant to 11 U.S.C. § 523(a)(2)(A)**

25. Kane reincorporates his responses to paragraphs 1 through 24.

26. Denied.

27. Denied.

**COUNT II**

**Objection to Discharge Pursuant to 11 U.S.C. § 523(a)(2)(B)**

28. Kane reincorporates his responses to paragraphs 1 through 27.

29. Denied.

30. Denied.

**COUNT III**

**Objection to Discharge Pursuant to 11 U.S.C. § 523(a)(2)(B)**

31. Kane reincorporates his responses to paragraphs 1 through 30.

32. Denied.

33. Denied.

**CONSENT TO ENTRY OF FINAL ORDER OR JUDGMENT**

Pursuant to B.L.R. 7012-1, Kane consents to the entry of a final order or judgment of the Bankruptcy Court in this proceeding.

**AFFIRMATIVE DEFENSES**

1. The Complaint and each of its claims for relief fail to state a claim upon which relief can be granted.

2. The Complaint and each of its claims are barred by the applicable statutes of limitation.

3. Lone Shark failed to use reasonable diligence to mitigate damages, if any, allegedly caused by Kane. Such failure bars or reduces any potential recovery from Kane.

4. Lone Shark's reliance was neither reasonable nor justified.

5. Lone Shark is barred from recovery because the alleged loan documents were a contract of adhesion.

6. Kane presently has insufficient knowledge or information on which to form a belief as to whether he may have additional, as yet unstated, defenses available. Kane reserves the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

**PRAYER FOR RELIEF**

Wherefore, Kane prays for judgment as follows:

1. That Kane's liability and Lone Shark's damages, if any, are determined to be dischargeable under the Bankruptcy Code.

2. That Lone Shark take nothing by virtue of this action.

3. That judgment be entered in favor of Kane and against Lone Shark.

4. For costs of suit incurred herein.

5. For such other and further relief as the Court deems proper.

[*Signature on following page.*]

Dated November 2, 2021

FINESTONE HAYES LLP

*/s/ Ryan A. Witthans*
Ryan A. Witthans
Attorneys for Evander Frank Kane,
Debtor and Defendant

ANSWER TO COMPLAINT

6