Stephen D. Finestone (125675)
Ryan A. Witthans (301432)
FINESTONE HAYES LLP
456 Montgomery Street, Floor 20
San Francisco, CA 94104
Tel.:  (415) 421-2624
Fax:   (415) 398-2820
Email: sfinestone@fhlawllp.com
Email: rwitthans@fhlawllp.com

Attorneys for Evander Frank Kane,
Debtor and Defendant

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>EVANDER FRANK KANE,<br><br>Debtor. | Case No. 21-50028-SLJ<br>Chapter 7 |
| LONE SHARK HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>EVANDER FRANK KANE,<br><br>Defendant. | Adv. Proc. No. 21-5010<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><u>Hearing</u>: *[No hearing requested]* |

The parties recognize that various information and documents will be exchanged during the course of this litigation that may contain sensitive business, personal, proprietary, or otherwise confidential information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure.

Accordingly, the parties stipulate and the Court orders as follows:

1. Within this Protective Order, "Confidential Information" means any documents or information, in whatever form, which the producing party or a non-party reasonably believes (1)

STIPULATED PROTECTIVE ORDER 1

not to be in the public domain and (2) to contain any confidential, proprietary, strategic, research, development, commercial, or private information.

2. When a party believes that Confidential Information may be produced or presented by any party or non-party in this case, that party may designate such material as, "CONFIDENTIAL," at the time of production or presentation. All materials designated as Confidential Information will contain a written "CONFIDENTIAL" designation on the document.

3. Any non-party that is producing documents, information, or other material that it considers to be Confidential Information, may designate such documents, information, or other material as "CONFIDENTIAL." Thereafter, the provisions of this Protective Order shall apply to the protected material.

4. In accordance with B.L.R. 9047-1(a), all written and oral communications made in connection with or during the BDRP conference, including the BDRP stated referred to in B.L.R. 9045-1(d), shall be subject to all protections afforded by Fed. R. Evid. 408 and by Bankruptcy Rule 7068. By request of the Resolution Advocate, parties may sign a confidentiality agreement provided by the Court.

5. Pursuant to B.L.R. 9047-1(b), no written communication or oral communication made by a party or bound non-party in connection with or during any BDRP conference may be disclosed to anyone outside of the matter. Use of such communication is prohibited in any pending or future proceedings in the Court to prove liability for or invalidity of a claim or its amount.

6. For "Confidential Information" used during deposition, any party shall have 30 days from its receipt of the completed transcript to provide written notice to the parties of the specific pages and lines of the transcript or exhibits which contain the Confidential Information. Until expiration of the 30-day period, all parties shall treat the entire transcript, including exhibits, as Confidential Information subject to the protections of this Order. If no party timely designates the transcript or a portion of the transcript as Confidential Information, then the transcript will not be treated as such.

7. Confidential Information shall not be used or disclosed by any party or non-party bound by the terms of this Protective Order, or their respective representatives and agents, including their attorneys, for any purpose whatsoever other than in the prosecution or defense of this case (including appeals, if any).

8. Confidential Information shall be disclosed only to the following:

    a. The parties' (or bound non-parties') counsel and their partners, associates and employees to whom disclosure is reasonably deemed necessary to render professional services in this matter.

    b. A party who is bound by the terms of this Protective Order, including officers, directors, members and/or employees, but only to the extent considered reasonably necessary to render professional services in this matter.

    c. An expert or consultant who is retained by a party (or bound non-party) or its counsel in order to assist in the conduct of this litigation.

    d. A witness or prospective witness in this litigation, but only to the extent reasonably necessary in preparing to testify.

    e. Court reporters while in the performance of their official duties.

    f. The judge or any other tribunal to which any appeal of the litigation is taken, including the respective staffs of the judge or such other tribunal.

    g. Copying of services, translators, and litigation support firms providing consultation, graphics and jury research (including focus group participants).

    h. Other persons to whom the designating party chooses to disclose the Confidential Information.

9. All documents, briefs, and other papers containing, referring to or otherwise disclosing Confidential Information which are filed with (or otherwise submitted to) the Court shall not be disclosed by any party except as provided in this Order. Any party seeking to seal any such materials shall request leave of the Court, in advance, to file the materials under seal.

10. In the event that any Confidential Information is, consistent with the terms of this Protective Order, used or disclosed in any hearing or trial, such information shall not lose its Confidential status by reason of such use or disclosure. Counsel shall take all steps reasonably required to protect the confidentiality of the information during such use or disclosure.

11. Any party (or bound non-party) challenging a Confidential designation shall meet and confer with the other party in an attempt to resolve the dispute. If the parties are unable to resolve the dispute, the challenging party may file a motion asking the Court to resolve the dispute. Pending resolution by the Court, the Confidential designation will remain in full force and effect.

12. If a producing party or non-party inadvertently fails to designate qualified information or documents as Confidential, such failure, standing alone, shall not waive the producing party's right to secure protection under this Order. That party may subsequently designate qualified information or documents as Confidential by notifying all persons and parties to whom the materials were produced as soon as practicable. After receipt of such notification, the persons who received the production shall then treat the designated materials as Confidential.

13. In accordance with Rule 502(d) of the Federal Rules of Evidence, the inadvertent production of any document or item shall not constitute a waiver of any applicable privilege, for purposes of this litigation or any future litigation. If a party inadvertently produces information which it asserts is protected by the attorney-client privilege or work product doctrine, without intending to waive a claim of privilege, it shall promptly notify the receiving party of its claim of privilege. After being so notified, the receiving party shall promptly return or destroy the specified information and any copies.

14. Nothing in this Order shall be construed as a waiver by the parties of their rights to object to any request for discovery. This Protective Order shall not be construed as an agreement by the parties to produce any documents or information. Nothing in this Order shall be construed as preventing a party from challenging a confidential designation under applicable law.

15. The parties are free to enter into further stipulations regarding their treatment of Confidential Information. However, the restrictions imposed by this Protective Order may only be modified or terminated by order of the Court. This Order shall survive the termination of this action.

IT IS SO STIPULATED.

Dated November 17, 2021         REED SMITH LLP

                                 /s/ Christopher O. Rivas
                                 Christopher O. Rivas
                                 Attorneys for Lone Shark Holdings, LLC,
                                 Plaintiff

Dated November 17, 2021         BALCH & BINGHAM LLP

                                 /s/ L. Conrad Anderson IV
                                 L. Conrad Anderson IV
                                 Attorneys for Lone Shark Holdings, LLC,
                                 Plaintiff

Dated November 17, 2021         FINESTONE HAYES LLP

                                 /s/ Ryan A. Witthans
                                 Ryan A. Witthans
                                 Attorneys for Evander Frank Kane,
                                 Debtor and Defendant

IT IS SO ORDERED.

*[See first page for signature of presiding judge]*