Christopher O. Rivas (SBN 238765)
crivas@reedsmith.com
REED SMITH LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071-1514
Tel: 213 457 8000 / Fax: 213 457 8080

L. Conrad Anderson, IV (*Pro Hac Vice*)
canderson@balch.com
BALCH & BINGHAM LLP
1901 6th Avenue North, Suite 1500
Birmingham, AL 35203
Tel: 205 226 3468 / Fax: 213 457 8080

*Attorneys for Creditor*
*Loan Shark Holdings, LLC*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>EVANDER FRANK KANE,<br><br>Debtor. | Case No. 21-50028 SLJ<br><br>Chapter 7 |
| LONE SHARK HOLDINGS, LLC,<br><br>Plaintiff.<br><br>vs.<br><br>EVANDER FRANK KANE,<br><br>Defendant. | Adv. No. 21-05010<br><br>**NOTICE OF ERRATA REGARDING EXHIBIT 4 TO ADVERSARY COMPLAINT**<br><br>Hon. Stephen L. Johnson |

TO THE CLERK OF THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that, due to a clerical error, the incorrect document was attached as Exhibit 4 to the Complaint in this adversary case. Affixed hereto is the correct document, which Lone Shark Holdings, LLC, hereby requests be deemed as Exhibit 4 to the Complaint.[1]

DATED: December 9, 2021            REED SMITH LLP

                                          By   /s/ Christopher O. Rivas
                                              Christopher O. Rivas
                                              Attorneys for

---

[1] For the sake of clarity, the Complaint was filed as Docket No. 1 in this adversary case. The exhibits, in turn, were filed as Docket No. 2. The document affixed hereto replaces Exhibit 4 to Docket No. 2.

# EXHIBIT 4

Case: 21-05010   Doc# 30   Filed: 12/09/21   Entered: 12/09/21 14:49:53   Page 3 of 12

DocuSign Envelope ID: 41D2352D-6BFA-4331-9314-A7ADDF10D646

# SECURITY AGREEMENT

**THIS SECURITY AGREEMENT** (as may be amended, this "Agreement") is executed and delivered as of the date of the last signature of any Party (as defined below) hereto (the "Effective Date"), by **EVANDER F. KANE** (the "Debtor"), an adult resident of the State of California, in favor of **LONE SHARK HOLDINGS, LLC** (the "Secured Party"), a Mississippi limited liability company, having an address of. The Debtor and the Secured Party are each individually a "Party," and collectively constitute the "Parties."

**WHEREAS**, Secured Party has made or will make a loan (as amended and in effect from time to time, the "Loan") to Debtor in the original principal amount of $715,000.00 as described in that certain Loan Agreement, dated even herewith, by and between Debtor, as Borrower, and Secured Party, as Lender (the "Loan Agreement"), and evidenced by that certain Promissory Note executed by Debtor in favor of Secured Party dated as of date even herewith (as amended and in effect from time to time, the "Note," and collectively with this Agreement and all documents and instruments executed pursuant hereto and in conjunction herewith and therewith, the "Loan Documents");

**WHEREAS**, Debtor will derive benefit from the Loan, and accordingly, Debtor hereby has agreed to pledge the Collateral (as herein defined) as security for the Loan; and

**WHEREAS**, it is a condition precedent to Secured Party's making of the Loan that Debtor execute and deliver to Secured Party this Agreement; and

**WHEREAS**, Debtor wishes to grant a security interest in favor of Secured Party as herein provided;

**NOW, THEREFORE**, in consideration of the promises contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Secured Party and Debtor agree as follows:

**SECTION 1. Definitions**. All capitalized terms used herein without definitions shall have the respective meanings provided therefor in the Note. In addition to the terms defined elsewhere in this Agreement, the following definitions shall apply to the terms used herein:

"Collateral" has the meaning as defined in Section 2 hereof.

"Obligations" means all of the indebtedness, obligations and liabilities of Debtor to Secured Party, individually or collectively, now existing or hereafter arising under or in respect of the Loan or between Debtor and Secured Party.

"State" means the State of Mississippi. All terms defined in the Uniform Commercial Code of the State and used herein shall have the same definitions herein as specified therein. However, if a term is defined in Article 9 of the Uniform Commercial Code of the State differently than in another Article of the Uniform Commercial Code of the State, the term has the meaning specified in Article 9.

**SECTION 2. Grant of Security Interest**. The Debtor hereby grants to the Secured Party, to secure the payment and performance in full of all of the Obligations, a security interest in and so pledges and assigns to the Secured Party the following properties, assets, interests and rights of the Debtor, wherever located, whether now owned or hereafter acquired or arising, and all proceeds and products thereof (all of the same being hereinafter called the "Collateral"):

**2.1. 2020 Federal Tax Refund.** All of Debtor's general intangibles in the form of proceeds from federal income tax refunds due for the taxable year ending December 31, 2020.

**2.2. Reserved.**

**SECTION 3. Authorization to File.** Debtor shall execute and file, or authorize Brandon C. Dixon, Esq. ("Dixon") to file, the following documents:

**3.1. IRS Form 2848.** Debtor shall execute and cause Dixon to file Internal Revenue Service Form 2848 Power of Attorney and Declaration of Representative ("Form 2848"), appointing Dixon as Debtor's authorized representative and authorizing Dixon to obtain Debtor's 2020 federal income tax refund on Debtor's behalf (attached hereto as Exhibit "A");

**3.2**. **IRS Form 8302.** Debtor shall execute and cause Dixon to file Internal Revenue Service Form 8302, Electronic Deposit of Tax Return of $1 Million or More ("Form 8302"), authorizing the United States Department of Treasury to wire the proceeds of Debtor's 2020 federal income tax refund to the escrow account of Dixon (attached hereto as Exhibit "B");

**3.3. DOT Form 231.** Debtor shall execute and cause Dixon to file United States Department of Treasury Form 231 General Power of Attorney ("Form 231"), authorizing Dixon to transfer Debtor's 2020 federal income tax refund from the escrow account of Dixon to Secured Party (attached hereto as Exhibit "C").

**3.4**. **Representations and Warranties of Debtor.**

**3.4.2. Covenants.** Debtor covenants and agrees with Secured Party that (i) Debtor will cause Debtor's United States income tax return due for the taxable year ending December 31, 2020, to be properly filed with the Internal Revenue Service on or before April 15, 2020, (ii) Debtor will not take any action, or authorize any other person to take any action, that would result in revocation or invalidation of Form 2848 appointing Dixon as Debtor's authorized representative, Form 8302 authorizing the United States Department of Treasury to wire the proceeds of Debtor's 2020 federal income tax refund to the escrow account of Dixon, or Form 231 authorizing Dixon to transfer Debtor's 2020 federal income tax refund from the escrow account of Dixon to Secured Party; and (iii) Debtor will promptly cooperate with any reasonable request made by Secured Party to take such additional and further actions, and file such addition documents, instruments, forms, etc. as Secured Party may reasonably required in order to perfect the security interest granted herein.

**3.4.2 Representations and Warranties.** Debtor warrants and represents unto Secured Party the following: (i) Debtor has timely filed with the Internal Revenue Service all United

States income tax returns due for the three (3) immediately preceding taxable years and has timely paid all tax shown as due thereon; and (ii) Debtor has not received notice of the commencement of an audit, examination, or investigation by the Internal Revenue Service or United States Department of Justice related to any United States income tax returns filed by Debtor for the three (3) immediately preceding taxable years; and (iii) the amount claimed by Debtor as a refund on Debtor's United States income tax return for the taxable year ending December 31, 2020, is not subject to offset for payment of any obligations.

**3.5. Authorization to File Financing Statements**. Debtor hereby irrevocably authorizes Secured Party at any time and from time to time to file in any filing office in any Uniform Commercial Code jurisdiction any initial financing statements and amendments thereto that (a) indicate the Collateral, and (b) provide any other information required by part 5 of Article 9 of the Uniform Commercial Code of the State, or such other jurisdiction, for the sufficiency or filing office acceptance of any financing statement or amendment. Debtor hereby appoints and empowers Secured Party, or any employee of Secured Party which Secured Party may designate for the purpose, as its attorney-in-fact, to execute and/or endorse (and file, as appropriate) on its behalf any documents, agreements, papers, checks, financing statements and other documents which, in Secured Party's sole judgment, are necessary to be executed, endorsed and/or filed in order to (i) perfect or preserve the perfection and priority of Secured Party's security interests granted hereby or by any of the other Loan Documents and (ii) collect or realize upon the Collateral or otherwise exercise its rights and remedies under any of the Loan Documents or applicable law.

**SECTION 4. Restrictions on Transferring, Pledging or Mortgaging Collateral**. Debtor will not (and will not allow or suffer any other person or entity to) sell, transfer, lease, assign, convey or otherwise dispose of the Collateral, any portion thereof, or any interest therein Further, except for as provided herein, Debtor shall not pledge, mortgage, or create or suffer to exist a security interest in any of the Collateral or sell, assign, or create a security interest in the Collateral in favor of any person other than Secured Party unless such security interest is expressly subordinated to Secured Party's security interest therein and Secured Party has approved in writing the existence and status of such security interest.

**SECTION 5. Default.**

**5.1. Events of Default.** The failure to make any payment when due pursuant to the terms of the Note shall constitute an Event of Default (as defined in the Note) hereunder, and upon the occurrence of an Event of Default under this Agreement or pursuant to the Note, any and all of the Obligations shall become immediately due and payable at the option of Secured Party, without further notice or demand. During the existence of any Event of Default, Secured Party may exercise any one or more of the rights and remedies as hereinafter set forth or as set forth and provided for in each of the other Loan Documents.

**5.2. Rights and Remedies**. Upon the occurrence of any Event of Default, and at any time thereafter, Secured Party shall have, in addition to all other rights and remedies, the remedies of a secured party under the Uniform Commercial Code of Mississippi (regardless of whether the Uniform Commercial Code has been enacted in the jurisdiction where rights or remedies are asserted), including, without limitation, the right to take transfer the Collateral into his own name

or that of its nominee and receive the income therefrom and hold the same as security for the Obligations or apply it on principal, interest, charges or expenses due on Obligations in any manner deemed appropriate by Secured Party. The enumeration of the foregoing rights is not intended to be exhaustive, and the exercise of any right shall not preclude the exercise of any other rights, all of which shall be cumulative.

**SECTION 6. No Waiver by Secured Party, etc**. Secured Party shall not be deemed to have waived any of its rights or remedies in respect of the Obligations or the Collateral unless such waiver shall be in writing and signed by Secured Party. No delay or omission on the part of Secured Party in exercising any right or remedy shall operate as a waiver of such right or remedy or any other right or remedy. A waiver on any one occasion shall not be construed as a bar to or waiver of any right or remedy on any future occasion. All rights and remedies of Secured Party with respect to the Obligations or the Collateral, whether evidenced hereby or by any other instrument or papers, shall be cumulative and may be exercised singularly, alternatively, successively or concurrently at such time or at such times as Secured Party deems expedient.

**SECTION 7. Expenses**. Debtor shall pay to Secured Party on demand any and all expenses, including reasonable attorneys' fees and disbursements, incurred or paid by Secured Party in protecting, preserving or enforcing Secured Party's rights and remedies under or in respect of any of the Obligations or any of the Collateral. After deducting all of said expenses, the residue of any proceeds of collection or sale or other disposition of the Collateral shall, to the extent actually received in cash, be applied to the payment of the Obligations in such order or preference as Secured Party may determine, proper allowance and provision being made for any Obligations not then due. Upon the final payment and satisfaction in full of all of the Obligations and after making any payments required by Sections 9-608(a)(1)(C) or 9-615(a)(3) of the Uniform Commercial Code of the State, any excess shall be returned to Debtor. In the absence of final payment and satisfaction in full of all of the Obligations, Debtor shall remain liable for any deficiency.

**SECTION 8. Governing Law; Jurisdiction and Venue**. THIS ASSIGNMENT AND ALL RIGHTS AND OBLIGATIONS HEREUNDER AND THEREUNDER, INCLUDING MATTERS OF CONSTRUCTION, VALIDITY AND PERFORMANCE, SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE INTERNAL LAWS OF THE STATE OF MISSISSIPPI, EXCEPT THAT ANY CONFLICT OF LAWS RULE OF SUCH JURISDICTION THAT WOULD REQUIRE REFERENCE TO THE LAWS OF SOME OTHER JURISDICTION SHALL BE DISREGARDED.

**SECTION 9. Counterparts; Integration; Effectiveness.** This Agreement and any amendments, waivers, consents, or supplements hereto may be executed in counterparts, each of which shall constitute an original, but all taken together shall constitute a single contract. This Agreement and the Note constitute the entire contract between the Parties with respect to the subject matter hereof and supersede all previous agreements and understandings, oral or written, with respect thereto. Delivery of an executed counterpart of a signature page to this Agreement by facsimile or in electronic (i.e., "pdf" or "tif") format shall be effective as delivery of a manually executed counterpart of this Agreement or the Note, as applicable.

DocuSign Envelope ID: 41D2352D-6BFA-4331-9314-A7ADDF10D646

**SECTION 10. <u>Successors and Assigns.</u>** This Agreement may be assigned, transferred, or negotiated by the Secured Party to any Person, at any time, without notice to or the consent of the Debtor. The Debtor may not assign or transfer this Agreement or any of its rights or Obligations hereunder without the prior written consent of the Secured Party. This Agreement shall inure to the benefit of and be binding upon the parties hereto and their permitted assigns.

**[Signature Page to Follow]**

NOW, THEREFORE, IN WITNESS WHEREOF, the parties have executed this Agreement on the Effective Date as set forth herein.

**DEBTOR:**

*Evander Kane*
_____
EVANDER F. KANE

12/13/2020
_____
DATE

**SECURED PARTY:**

**LONE SHARK HOLDINGS, LLC,**
**a Mississippi limited liability company**

_____
BY: ANDREW B. ADAMS, Manager

12/9/2020
_____
DATE

Signature Page to Security Agreement

**EXHIBIT "A"**

| Form **2848**<br>(Rev. January 2018)<br>Department of the Treasury<br>Internal Revenue Service | **Power of Attorney<br>and Declaration of Representative**<br>▶ Go to *www.irs.gov/Form2848* for instructions and the latest information. | OMB No. 1545-0150<br>**For IRS Use Only**<br>Received by:<br>Name _____<br>Telephone _____<br>Function _____<br>Date  /  / |
|---|---|---|

**Part I   Power of Attorney**
**Caution:** A separate Form 2848 must be completed for each taxpayer. Form 2848 will not be honored for any purpose other than representation before the IRS.

**1   Taxpayer information.** Taxpayer must sign and date this form on page 2, line 7.

| Taxpayer name and address | Taxpayer identification number(s) |
|---|---|
|  | Daytime telephone number | Plan number (if applicable) |

hereby appoints the following representative(s) as attorney(s)-in-fact:

**2   Representative(s)** must sign and date this form on page 2, Part II.

| Name and address | CAF No. _____<br>PTIN _____<br>Telephone No. _____<br>Fax No. _____ |
|---|---|
| Check if to be sent copies of notices and communications ☐ | Check if new: Address ☐   Telephone No. ☐   Fax No. ☐ |
| Name and address | CAF No. _____<br>PTIN _____<br>Telephone No. _____<br>Fax No. _____ |
| Check if to be sent copies of notices and communications ☐ | Check if new: Address ☐   Telephone No. ☐   Fax No. ☐ |
| Name and address | CAF No. _____<br>PTIN _____<br>Telephone No. _____<br>Fax No. _____ |
| (**Note:** IRS sends notices and communications to only two representatives.) | Check if new: Address ☐   Telephone No. ☐   Fax No. ☐ |
| Name and address | CAF No. _____<br>PTIN _____<br>Telephone No. _____<br>Fax No. _____ |
| (**Note:** IRS sends notices and communications to only two representatives.) | Check if new: Address ☐   Telephone No. ☐   Fax No. ☐ |

to represent the taxpayer before the Internal Revenue Service and perform the following acts:

**3   Acts authorized (you are required to complete this line 3).** With the exception of the acts described in line 5b, I authorize my representative(s) to receive and inspect my confidential tax information and to perform acts that I can perform with respect to the tax matters described below. For example, my representative(s) shall have the authority to sign any agreements, consents, or similar documents (see instructions for line 5a for authorizing a representative to sign a return).

| Description of Matter (Income, Employment, Payroll, Excise, Estate, Gift, Whistleblower, Practitioner Discipline, PLR, FOIA, Civil Penalty, Sec. 5000A Shared Responsibility Payment, Sec. 4980H Shared Responsibility Payment, etc.) (see instructions) | Tax Form Number<br>(1040, 941, 720, etc.) (if applicable) | Year(s) or Period(s) (if applicable)<br>(see instructions) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**4   Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for **Line 4. Specific Use Not Recorded on CAF** . . . . . . . . . . . . . . . ▶ ☐

**5a   Additional acts authorized.** In addition to the acts listed on line 3 above, I authorize my representative(s) to perform the following acts (see instructions for line 5a for more information):   ☐ Access my IRS records via an Intermediate Service Provider;
☐ Authorize disclosure to third parties;   ☐ Substitute or add representative(s);   ☐ Sign a return; _____
_____

☐ Other acts authorized: _____
_____

| For Privacy Act and Paperwork Reduction Act Notice, see the instructions. | Cat. No. 11980J | Form **2848** (Rev.1-2018) |
|---|---|---|

**EXHIBIT "B"**



IRS Form 8302 (Rev. November 2018) — Electronic Deposit of Tax Refund of $1 Million or More. Department of the Treasury, Internal Revenue Service. OMB No. 1545-1763. Attach to your income tax return (other than Forms 1040, 1120, or 1120S), Form 1045, or Form 1139. Go to www.irs.gov/Form8302 for the latest information.

Fields: Name(s) shown on income tax return; Identifying number; Name and location (city, state) of bank; Taxpayer's phone number.

1. Method of deposit (one box must be checked): ☐ Direct deposit ☐ Fedwire
2. Routing number (must be nine digits). The first two digits must be between 01 and 12 or 21 through 32.
3. Account number (include hyphens but omit spaces and special symbols):
4. Type of account (one box must be checked): ☐ Checking ☐ Savings

**General Instructions**

Section references are to the Internal Revenue Code unless otherwise noted.

**Purpose of Form**

File Form 8302 to request that the IRS electronically deposit a tax refund of $1 million or more directly into an account at any U.S. bank or other financial institution (such as a mutual fund, credit union, or brokerage firm) that accepts electronic deposits.

The benefits of an electronic deposit include a faster refund, the added security of a paperless payment, and the savings of tax dollars associated with the reduced processing costs.

**Who May File**

Form 8302 may be filed with any tax return other than Form 1040, 1120, or 1120S to request an electronic deposit of a refund of $1 million or more. You are not eligible to request an electronic deposit if:

- The receiving financial institution is a foreign bank or a foreign branch of a U.S. bank, or
- You have applied for an employer identification number but are filing your tax return before receiving one.

If Form 8302 is filed with Form 1045, Application for Tentative Refund, or Form 1139, Corporation Application for Tentative Refund, both of which allow for more than one year's reporting, electronic deposits may be made only for a year for which the refund is at least $1 million.

**Note:** Filers of Form 1040 must request a direct deposit of refund by completing the account information on that form. Filers of Forms 1120 or 1120S must request a direct deposit of a refund using Form 8050, Direct Deposit of Corporate Tax Refund. This includes a request for a refund of $1 million or more.

**Conditions Resulting in a Refund by Check**

If the IRS is unable to process this request for an electronic deposit, a refund by check will be generated. Reasons for not processing a request include:

- The name on the tax return does not match the name on the account.
- You fail to indicate the method of deposit to be used (direct deposit or Fedwire).
- The financial institution rejects the electronic deposit because of an incorrect routing or account number.
- You fail to indicate the type of account the deposit is to be made to (checking or savings).
- There is an outstanding liability the offset of which reduces the refund to less than $1 million.
- You are subject to the Treasury Offset Program (TOP) and fail to indicate direct deposit as the method of deposit to be used.

**How To File**

Attach Form 8302 to the applicable return or application for refund. To ensure that your tax return is correctly processed, see *Assembling the Return* in the instructions for the form with which the Form 8302 is filed. For Forms 1045 or 1139, attach a separate Form 8302 for each carryback year.

**Specific Instructions**

**Identifying number.** Enter the employer identification number or social security number shown on the tax return to which Form 8302 is attached.

**Line 1.** Direct deposit is an electronic payment alternative that uses the Automated Clearing House (ACH) system. Fedwire is a transaction-by-transaction processing system designed for items that must be received by payees the same day as originated by the IRS.

When there is a verified potential that the tax refund will be applied to a debt owed to a particular agency, a Fedwire deposit will be rejected due to the offset. To receive an electronic deposit, elect to use the direct deposit method of deposit instead of Fedwire.

**Line 2.** Enter the financial institution's routing number and verify that the institution will accept the type of electronic deposit requested. See the

For Privacy Act and Paperwork Reduction Act Notice, see instructions.    Cat. No. 62280S    Form **8302** (Rev. 11-2018)

# EXHIBIT "C"

## General Power of Attorney
### BY INDIVIDUAL FOR THE COLLECTION OF CERTAIN CHECKS DRAWN ON THE UNITED STATES TREASURY

**Know all by these Presents:**

That the undersigned, _____ , of _____
(address)

does hereby appoint _____ , of _____
(address)

as his/her attorney to receive, endorse, and collect checks payable to the order of the undersigned, drawn on the United States Treasury, and to execute in the name and on behalf of the undersigned, all bonds, indemnities, applications, or other documents, which may be required by law or regulation to secure the issuance of substitutes for such checks, and to give full discharge for same, granting to said attorney full power of substitution and revocation, hereby ratifying and confirming all that said attorney, or his substitute, shall lawfully do or cause to be done by virtue hereof.

**WITNESS** the signature of the undersigned, this _____day of _____ , 20 ____

_____
(Signature of grantor)

_____

\* Personally appeared before me the above-named _____
known or proved to me to be the same person who executed the foregoing instrument, and acknowledged to me that he executed the same as his free act and deed.

**WITNESS** my signature, official designation, and seal.

[IMPRESS SEAL HERE]                              _____
                                                 (Signature of attesting officer)

                                                 _____
                                                 (Official designation)

Dated at _____ , this _____ day of _____ , 20 _____

My commission expires _____ , 20 _____

_____

**IMPORTANT** – Do not execute this instrument without first reading the instructions on the next page. Exact compliance with these instructions will avoid complications.

\* See Instructions on next page – Paragraphs 2(a) and 2(b)

**FMS FORM 1-04 231** (SUPERSEDES SF 231 (DECEMBER 1974))                 DEPARTMENT OF THE TREASURY
                                                                          FINANCIAL MANAGEMENT SERVICE

Exhibit "C" to Security Agreement

Case: 21-05010    Doc# 30    Filed: 12/09/21    Entered: 12/09/21 14:49:53    Page 12 of 12