1 | Stephen D. Finestone (125675)
Ryan A. Witthans (301432)
2 | FINESTONE HAYES LLP
456 Montgomery Street, Floor 20
3 | San Francisco, CA 94104
Tel.: (415) 421-2624
4 | Fax: (415) 398-2820
Email: sfinestone@fhlawllp.com
5 | Email: rwitthans@fhlawllp.com

6 | Attorneys for Evander Kane,
Debtor and Defendant

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>EVANDER FRANK KANE,<br><br>Debtor. | Case No. 21-50028-SLJ<br>Chapter 7 |
| HOPE PARKER,<br><br>Plaintiff,<br><br>v.<br><br>EVANDER FRANK KANE,<br><br>Defendant. | Adv. Proc. No. 21-5008<br><br>**EVANDER KANE'S STATUS CONFERENCE STATEMENT**<br><br>Hearing:<br>Date: February 17, 2022<br>Time: 1:30 p.m.<br>Place: Tele/videoconference |
| LONE SHARK HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>EVANDER FRANK KANE,<br><br>Defendant. | Adv. Proc. No. 21-5010 |

STATUS CONFERENCE STATEMENT 1

| | |
|---|---|
| PROFESSIONAL BANK, | Adv. Proc. No. 21-5013 |
| Plaintiff, | |
| v. | |
| EVANDER FRANK KANE, | |
| Defendant. | |
| CENTENNIAL BANK, | Adv. Proc. No. 21-5016 |
| Plaintiff, | |
| v. | |
| EVANDER FRANK KANE, | |
| Defendant. | |
| ZIONS BANCORPORATION, N.A., *dba* California Bank & Trust | Adv. Proc. No. 21-5056 |
| Plaintiff, | |
| v. | |
| EVANDER FRANK KANE, | |
| Defendant. | |

Defendant Evander Frank Kane ("Kane") submits the following status conference statement relating to the adversary proceedings brought by Hope Parker ("Parker"), Lone Shark Holdings, LLC ("Lone Shark"), Professional Bank ("Professional Bank"), Centennial Bank ("Centennial") and Zions Bancorporation, N.A. *dba* California Bank & Trust ("Zions").

I.  **BRIEF DESCRIPTION OF THE LITIGATION MATTERS**

   **A. Actions Pending with § 727 Claims**

To begin with, Kane notes that after numerous stipulated extensions of time and considerable interaction between himself and the Chapter 7 Trustee, the Trustee has not filed an objection to discharge by the deadline.

STATUS CONFERENCE STATEMENT 2

Kane summarizes the pending actions containing § 727 claims as follows:

1. *Parker v. Kane* – Adv. Proc. No. 21-5008 (the "Parker Action"): Parker filed a complaint containing §§ 727 and 523 claims. The § 523 Claim is discussed below. Parker's only § 727 claim seeks denial of discharge under § 727(a)(5). Centennial's case also includes a claim under § 727(a)(5). Kane and Parker (through counsel) have held discussions about Parker's claims. Kane is uncertain how serious Parker is about her § 727 claim. Parker has not initiated any discovery related to her § 727 claim and Kane and Parker have not discussed the timing of a trial of the § 727 claim. Parker needs to actively litigate her § 727 claim if she intends to pursue it.

2. *Centennial Bank v. Kane* – Adv. Proc. No. 21-05016 (the "Centennial Action"): Centennial's complaint includes claims under § 727(a)(2), (a)(3), (a)(4) and (a)(5). The allegations for each claim are briefly discussed here. The § 727(a)(2) claim asserts that Kane owned undisclosed real property that was not listed on his Schedules as an asset or listed in his Statement of Financial Affairs ("SOFA") as having been transferred. As such, Centennial alleges, Kane must have transferred or concealed this alleged real property within one year of the filing. The § 727(a)(3) claim alleges that Kane failed to keep adequate books and records from which his financial condition and transactions can be ascertained. The § 727(a)(4) claim is based upon the alleged undisclosed real property not being in the Schedules or SOFA, alleged omissions of payments to or on behalf of Kane's family, and the listing of his filing as a non-consumer bankruptcy. The § 727(a)(5) alleges that Kane has not sufficiently explained his loss of assets.

3. *Zions v. Kane* – Adv. Proc. No. 21-5056 (the "Zions Action"): Zions filed a single claim under § 727(a)(2). Zions' claim asserts that Kane transferred property to hinder, delay, or defraud his creditors. Zions' claim is based upon its allegations that Kane (i) borrowed money via a second deed of trust on one of his properties in Canada, (ii) used the borrowed funds along with other money to purchase a residence in San Jose, California; (iii) hired the law firm of Pachulski Stang Ziehl & Jones ("Pachulski Stang") to "engage in pre-bankruptcy asset protection strategies" and to "coordinate a scheme to shield assets from creditors," and (iv) purchased the

San Jose residence in the name of a limited liability company and then transferred title into his name and his wife's name before filing to take advantage of California homestead law. There is no factual overlap between Zions' § 727(a)(2) claim and the Centennial Action.

**B. Actions Pending with § 523 Claims:**

Kane summarizes the pending actions containing § 523 claims as follows:

1. *Professional Bank v. Kane* – Adv. Proc. No. 21-05013 (the "Professional Bank Action"): After considerable motion practice, Professional Bank is left with a complaint that asserts claims under § 523(a)(2)(A) and (a)(2)(B) for alleged misrepresentations by Kane in connection with obtaining a loan from Professional Bank. The complaint also includes an action for restitution and one seeking a determination that Professional Bank has a security interest in collateral other than Kane's contract to play hockey.

2. *Lone Shark v. Kane* – Adv. Proc. No. 21-05010 (the "Lone Shark Action"): Lone Sharks' complaint asserts claims under § 523(a)(2)(A) and (a)(2)(B), alleging certain misrepresentations in connection with Kane's loan from Lone Shark, which was used to purchase an interest in a tax reduction investment.

3. Parker Action – In addition to the § 727 claim discussed above, Parker asserted a claim under § 523(a)(2)(A) for alleged fraud in connection with a personal relationship between Parker and Kane.

Note that the adversary proceeding asserting § 523 claims brought by creditor South River Capital, LLC is settled and has been dismissed. *See* Adv. Proc. No. 21-5014

II. **STATUS OF § 727 ACTION LITIGATION**

In the Centennial Action, there was a pending motion to strike Kane's answer. The parties stipulated to Centennial's filing of an amended complaint (ECF 28) and Kane's answer to the amended complaint (ECF 29). The parties exchanged initial disclosures and Centennial served an initial round of extensive discovery—61 requests for production, 38 requests for admission, and 16 interrogatories. Kane responded to the discovery and the parties are in the meet and confer stage with respect to those responses. Third-party subpoenas have also been served. The parties have exchanged proposed dates for Kane's deposition in late March to early

April. Court involvement on discovery issues is likely to be necessary. As noted above, Centennial's theories for denying Kane a discharge are different from those proposed by Zions. At the past status conference and in the filed joint discovery plan, the parties noted a significant disagreement over timing. Kane proposed fact discovery cut-off of May 31, 2022, while Centennial claims it needs until December 2022. The parties do agree on the period for expert discovery and on a two to three-day trial estimate.

The Zions Action was filed more recently, and the parties have not yet propounded discovery. They have, however, made their initial disclosures and submitted a joint discovery plan. Kane and Zions disagree as well about a reasonable time for discovery. Kane proposes a fact discovery cut-off of July 1, 2022, while Zions claims it needs until November 1, 2022. The parties are also unaligned the time between the closing of expert witness discovery and a trial date. Kane believes 45 days is sufficient while Zions wants 90–120 days. These differences result in Kane proposing a mid-September trial date, while Zions requesting a trial in April 2023. In terms of discovery issues, Zions indicates that it wants to obtain discovery from John Fiero at Pachulski Stang (presumably document production and a deposition) about his prepetition representation of Kane. This discovery will undoubtedly raise attorney-client privilege and work product doctrine issues. Other than this issue, however, Kane believes discovery should be relatively straightforward, as Zions' focus is on a limited period of time and a limited number of people.

With respect to the Parker Action and its § 727 claim, as noted above, Kane does not believe Parker is serious about litigating this issue. The parties agreed to a fact discovery cut-off of April 29, 2022, which Kane proposes to apply to the § 727 claim if the Court staggers the sequencing of the matters.

### III. STATUS OF § 523 ACTION LITIGATION

In the Professional Bank Action, Professional Bank brought a motion to strike Kane's answer. Kane brought a motion to shorten time for the hearing on the motion, which was granted, but then the Court issued its order regarding the scheduling of the Adversary Proceedings and the hearing did not go forward. Kane propounded discovery to Professional

Bank, which discovery was stayed prior to Professional Bank's response by the Court's order regarding the conduct of the adversary proceedings. The parties have discussed settlement, but those discussions made clear to Kane that Professional Bank, unlike South River, has an unrealistic view of its case. As evidenced in the status conference statements filed in October 2021, the parties have differing views about the time necessary for discovery and when a trial should be set.

In the Parker Action, considerable discovery occurred during the pendency of the prepetition state court litigation. Kane obtained copies of the discovery from prior counsel. As noted above, the parties agreed on a discovery cut-off of April 29, 2022, before this Court issued its order regarding the conduct of the adversary proceedings. Kane anticipates needing to do very little discovery, if any, prior to bringing a motion for summary judgment on Parker's § 523 claim. The parties agree that if a trial is necessary, one to two days is enough time. Counsel for Kane and Parker have engaged in good faith discussions about the issues in the case.

The Lone Shark Action is focused on Kane's borrowing money from Lone Shark to purchase an investment in an entity related to Lone Shark. The issues and facts are limited in scope and duration. The parties agreed to discovery cut-off of March 18, 2022, though that date is no longer realistic in light of the Court's order. Kane believes that three to four months is plenty of time for discovery and he anticipates bringing a motion for summary judgment in the matter. The parties have communicated openly and discussed possible scenarios to resolve the matter. The parties agree that if a trial is necessary, one to two days is sufficient.

IV. **KANE'S RESPONSE TO THE COURT'S SUGGESTION TO PROCEED ONLY WITH THE § 727 CASES.**

While Kane was and is prepared to move forward with all matters, he understands the Court's concern about unnecessary expenditure of the resources of the Court and the parties. Kane understandably wishes to have these cases tried promptly if the parties cannot settle, and he believes pushing the cases out for the extended time proposed by various parties is unnecessary and unfair to him. He is similarly worried that if the § 523 actions are stayed, and if trial of the § 727 actions is delayed until the spring of 2023 as creditors seem to suggest, then if Kane

| | |
|---|---|
| 1 | prevails on those § 727 actions, he will be trying the § 523 actions into 2024. That is just not a |
| 2 | tenable schedule for someone who filed bankruptcy in January 2021. |
| 3 | Kane does not believe the § 727 cases are that complicated, as evidenced by the time |
| 4 | estimated for trial of those matters (one to two days for the Zions Action and two to three days |
| 5 | for the Centennial Action). The creditors claim they need to take discovery in Canada and that |
| 6 | process undoubtedly causes modest delays, but that discovery should be conducted now. Kane |
| 7 | accepts the Court's suggestion to defer litigating the § 523 claims by Professional Bank, Parker, |
| 8 | and Lone Shark (including a hold on discovery) until after the § 727 cases are concluded but |
| 9 | urges the Court to set those cases for trail as soon as is practicably possible. The deferral of the |
| 10 | § 523 cases notwithstanding, Kane requests that he be allowed to file motions for summary |
| 11 | judgment in any of the § 523 actions if he determines that such a motion is in order based upon |
| 12 | evidence currently in the parties' possession. |

Dated February 14, 2022  FINESTONE HAYES LLP

 */s/ Stephen D. Finestone*
Stephen D. Finestone
Attorneys for Evander Frank Kane