

The following constitutes the order of the Court.
Signed: February 25, 2022

_____
**Stephen L. Johnson
U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re EVANDER KANE,<br><br>                Debtor. | Case No. 21-50028 SLJ<br><br>Chapter 7 |
| HOPE PARKER,<br><br>    Plaintiff,<br><br>v.<br><br>EVANDER KANE,<br><br>    Defendant. | Adv. Proc. No. 21-5008 |

ORDER STAYING LITIGATION OF NON-§727(A) CLAIMS
PENDING RESOLUTION OF § 727(A) CLAIMS
AND SETTING STATUS CONFERENCE

1

| | |
|---|---|
| LONE SHARK HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>EVANDER KANE,<br><br>    Defendant | Adv. Proc. No. 21-5010 |
| PROFESSIONAL BANK,<br><br>    Plaintiff,<br><br>v.<br><br>EVANDER KANE,<br><br>    Defendant | Adv. Proc. No. 21-5013 |
| CENTENNIAL BANK,<br><br>    Plaintiff,<br><br>v.<br><br>EVANDER KANE,<br><br>    Defendant. | Adv. Proc. No. 21-5016 |

**ORDER STAYING LITIGATION OF NON-§727(a) CLAIMS
PENDING RESOLUTION OF § 727(a) CLAIMS
AND SETTING STATUS CONFERENCE**

On November 19, 2021, the court entered the Order on Scheduling of Pending Adversary Proceedings in these cases (and others) directing the parties to respond to the court's intention to consolidate them for trial (including other actions not captioned above, which will be the subject of separate orders). This was done because some of the proceedings included allegations under 11 U.S.C. § 727(a), which, if sustained, would make any action under § 523(a) moot. The parties responded to that order and their responses can be found on the dockets. The court held a hearing on February 17, 2022.

Having given notice to the parties, and having reviewed their responses, the court has determined, in the interests of reducing cost and delay, and furthering judicial economy and

ORDER STAYING LITIGATION OF NON-§727(A) CLAIMS
PENDING RESOLUTION OF § 727(A) CLAIMS
AND SETTING STATUS CONFERENCE

2

ensuring the timely adjudication of disputes, that trial in the § 727(a) actions[1] proceedings should take place in advance of the litigation and trial of the § 523(a) causes of action. Fed. R. Bankr. P. 1001. Accordingly, the court will STAY, pending further order, all litigation in these matters as it pertains to non-§727(a) claims. That is, I will not consider any pre-trial motions regarding non-§727(a) claims, and the parties are stayed from propounding discovery on any non-§727(a) claim, until the § 727(a) claims are resolved. For the avoidance of doubt, the parties are directed to preserve evidence relevant to the non-§727(a) claims while the § 727(a) claims are litigated.

The court will conduct a status conference in these cases on **April 13, 2023** at **2:30 p.m.** for the purpose of determining next steps in the litigation of these cases. The hearing will be held at 280 S. 1st Street, San Jose, California, Courtroom 10. Parties shall file status conference statements by **April 6, 2023**.

IT IS SO ORDERED.

**\*\*\* END OF ORDER \*\*\***

---

[1] These claims are found in Parker v. Kane, 21-5008, Centennial Bank v. Kane, 21-5016, and Zions Bancorporation, N.A. v. Kane, 21-5056.

**COURT SERVICE LIST**

[ECF recipients only]

ORDER STAYING LITIGATION OF NON-§727(A) CLAIMS
PENDING RESOLUTION OF § 727(A) CLAIMS
AND SETTING STATUS CONFERENCE

4